Filed 8/31/2017 5:27 PM
Robbin Burlew
District Clerk - Kerr County, TX
By: Rosalie Castro, Deputy

CAUSE NO. __17743 A__

| | | |
|---|---|---|
| DANNY B. OSBORN and CAROLYN S. OSBORN | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| v. | § § | 216th   JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and MICHAEL SPRIGGS | § § § § | |
| Defendants | § | KERR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Danny B. Osborn and Carolyn S. Osborn, file this petition complaining of Defendants, Allstate Vehicle and Property Insurance Company and Michael Spriggs, in which Plaintiffs are seeking monetary relief over $200,000, but not more than $1,000,000. In support of this petition, Plaintiffs would show this Honorable Court as follows:

#### I. Parties, Venue and Discovery Level

Plaintiffs are individuals who reside in Kerrville, Kerr County, Texas.

Defendant, Allstate Vehicle and Property Insurance Company (hereafter "Allstate"), is a foreign insurance company doing business in Texas that can be served by serving its registered agent for service CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant, Michael Spriggs, is a Texas resident, who can be served at 504 This Way Street, Suite A, Lake Jackson, Texas 77566.

The venue of this case is proper in Kerr County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiffs intend to conduct discovery as an expedited action under Rules 169 and 190.2 of the Texas Rules of Civil Procedure (Level 1 discovery).


EXHIBIT A

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiffs purchased homeowners' insurance from Allstate (Policy Number 829 228 312) to cover property losses at Plaintiffs' home for the policy period October 4, 2016 to October 4, 2017. On or about June 1, 2017, during the subject policy period, a wind and hail storm caused damage to Plaintiffs' home at 101 Deerwood Drive, Kerrville, Texas 78028. Plaintiffs thereafter reported this loss to Allstate and its agents, who assigned this loss the claim number of 415911452 PJN with a June 1, 2017 date of loss.

Allstate hired an independent adjuster, Michael Spriggs (hereinafter "Spriggs"), to inspect Plaintiffs' home and adjust their storm damage insurance claim. When Spriggs inspect the home, he did not get up on the roof and just walked around the home, which was not a proper or reasonable inspection for any damage caused by the sizeable hail that struck Plaintiffs' home. After his inspection, he told Plaintiffs that any damage was below their $2,660 deductible and there would be no payment. Based on this misrepresentation of the storm damage to their home, Plaintiffs decided not to pursue the matter.

On August 7, 2017, a rain storm damage Plaintiffs' home due to roof leaks. The next day Plaintiffs notified Allstate about the interior water damage to their home from the storm. In addition, Plaintiffs retained a roofing consultant to inspect their home because they believed that Spriggs had misled them about the damage from the June 1, 2017 storm.

Plaintiffs' consultant inspected the home and determined that the June 1, 2017 wind and hail storm had damaged Plaintiffs' roof that allowed the water penetration into their home from the August 7, 2017 storm. Plaintiffs' consultant also told Plaintiffs that there should only be one occurrence since the roof subsequently leaked due to the damage from the first storm.

Thereafter, on August 23, 2017, an Allstate adjuster inspected the interior water damage at Plaintiffs' home. This adjuster again told Plaintiffs that the interior water damage was below their deductible and that there would be no claim payment. The adjuster also started a separate claim over Plaintiffs' objection that everything was related to the first storm.

In reaching these determinations, Allstate and Spriggs violated their duties under Chapter 541 of the Texas Insurance Code. More specifically, Spriggs violated his duties under Section 541.060 of the Texas Insurance Code by refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to that claim and by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has became reasonably clear.

To date, Allstate and Spriggs have not paid Plaintiffs any policy benefits for the storm damage to their home. As a result, Plaintiffs have sustained actual damages of about $65,000.

## V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiffs purchased, Allstate has the duty to investigate and pay Plaintiffs policy benefits for claims made for damages to her home caused by windstorm or hail. The subject storms caused substantial damage to Plaintiffs' home, which damage is covered under Plaintiffs' insurance policy with Allstate. Allstate has breached its contractual obligation and the subject insurance policy by failing to pay Plaintiffs policy benefits for the cost to properly repair the storm damage to their home. Allstate has also breached the contractual provisions on timely investigating, adjusting, and paying Plaintiffs' storm damage insurance claim. As a result of these breaches of contract, Plaintiffs has suffered the damages that are described in this petition.

## VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Allstate's conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiffs' windstorm and/or hail damage claim, Allstate did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for her claim. As a result, Allstate has violated Chapter 542 by failing to pay Plaintiffs' claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that Allstate owes Plaintiffs any additional monies, then Allstate has automatically violated Chapter 542 of the Texas Insurance Code.

## VII. DTPA Causes of Action

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendants Allstate and Spriggs under the provisions of the DTPA. Plaintiffs have met all conditions precedent to bringing these causes of action against Defendants. Specifically, Allstate's and Spriggs' violations of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this petition, Allstate and Spriggs have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Allstate's and Spriggs' violations include, without limitation, (1) their unreasonable delays in the resolution of Plaintiffs' claim, (2) their failure to properly and reasonably investigate Plaintiffs' claim, (3) Allstate's use of biased adjusters to obtain result-oriented estimates and reports to assist Allstate in lowballing and denying Plaintiffs' storm damage insurance claim, and (4) their failure to pay for the proper repair of Plaintiffs' property on which Defendants' liability had become reasonably clear;

B. As described in this petition, Allstate and Sprigg represented to Plaintiffs that the subject insurance policy and their adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Allstate and Sprigg represented to Plaintiffs that the subject insurance policy and their adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Allstate and Sprigg represented to Plaintiffs that the subject insurance policy and their adjusting and investigative services conferred or

involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Allstate would pay to repair the damages caused by windstorm and then not doing so, Allstate has violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Allstate has breached an express warranty that the damage caused by windstorm and/or hail would be covered under the subject insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Allstate's and Spriggs' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Allstate's and Spriggs' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Allstate and Spriggs are a producing cause of Plaintiffs' damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiffs incorporate all the allegations in this petition for these causes of action against Allstate under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Allstate and Spriggs have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Allstate's and Spriggs' failures to properly investigate Plaintiffs' claim. They also include Allstate's and Spriggs' unreasonable delays in the resolution of Plaintiffs' claim and its failure to pay for the proper repair of Plaintiffs' property on which their liability had become reasonably clear. They further include Allstate's use of biased adjusters to obtain result-oriented estimates and reports to assist the insurer in denying Plaintiffs' insurance claim. In addition, Allstate and Spriggs failed to look for coverage and give Plaintiffs the benefit of the doubt. Specifically, Allstate and Spriggs are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Allstate has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Allstate's and Spriggs' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

## IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Allstate has also breached its duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' claim because Allstate knew or should have known that it was reasonably clear that the claim was covered. This conduct of Allstate is the proximate cause of Plaintiffs' damages.

## X. Waiver and Estoppel

Allstate and Spriggs have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiffs.

## XI. Damages

The above described conduct of Allstate and Spriggs have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair the storm damage to Plaintiffs' property in the approximate amount of $65,000 and any investigative and engineering fees incurred during the claim process. Plaintiffs are also entitled to recover the amount of their claim plus an eighteen percent per annum interest on that amount against Allstate as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

## XII. Additional Damages

Allstate and Spriggs have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. Exemplary Damages

Allstate's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Allstate are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Allstate for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

## XIV. Attorney's Fees

As a result of Allstate's and Spriggs' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under

Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

### XV. Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Allstate and Spriggs are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a *trial by jury* and also request that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiffs a judgment against Defendants for the following:

1. Actual, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. The 18% per annum interest under Chapter 542 of the Texas Insurance Code;
3. Reasonable attorneys' fees through trial and on appeal;
4. Pre-judgment and post-judgment interest as provided by law;
5. Costs of court; and
6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: *[signature]*
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com
Cassandra Pruski
State Bar No. 24083690
cassie@lhllawfirm.com

Attorneys for Plaintiffs